UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS, | No. 2:18-cv-2817 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| J. WEBB, et al., | |
| Defendants. | |

Plaintiff, a former prisoner, proceeds pro se with a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed a motion to compel discovery. (ECF No. 43.) In addition, defendants County of Shasta, Webb, Barnhart, Reed, Rodgers, and Kent (collectively, the "Shasta County defendants") have filed a motion for partial summary judgment and noticed a hearing to take place on March 4, 2022. (ECF No. 44.) For the reasons set forth, the court will deny the motion to compel as untimely and inadequately supported, vacate the hearing on defendants' motion for partial summary judgment, and order that a substitution of attorney be filed for defendants Webb, Barnhart, Reed, Rodgers, and Kent if the motion for partial summary judgment is to be considered on their behalf.

Defendants' Motion for Partial Summary Judgment

First, the motion for partial summary judgment was brought on behalf of the Shasta County defendants and filed by counsel of record for Shasta County. However, counsel of record

for Shasta County is not counsel of record for the individual Shasta County defendants.[1] Counsel shall file a substitution of attorney for defendants Webb, Barnhart, Reed, Rodgers, and Kent if the motion for partial summary judgment is to be considered on their behalf. See Local Rule 182(g).

Second, although plaintiff is no longer incarcerated, Local Rule 230(l), rather than 230(b), still applies to motion practice for this case. (See ECF No. 19 at ¶ 9 ["If plaintiff is released from prison while this case is pending, any party may request application of other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, the provisions of L.R. 230(l) will govern all motions described in #8 above regardless of plaintiff's custodial status. See L.R. 102(d).].) Because Local Rule 230(l) applies, the court will vacate the hearing scheduled for March 4, 2022.

Plaintiff's Motion to Compel

Plaintiff filed the motion to compel discovery on January 11, 2022. (ECF No. 43.) Plaintiff attached to the motion a request for discovery addressed to the Shasta County Sheriff's Department with nine requests for the production of documents. (ECF No. 43-1.) Plaintiff asks the court to compel defendants to "produce all discovery previously requested." (ECF No. 43 at 1.) Plaintiff states he narrowly tailored his requests and sought relevant, discoverable information. (Id.) Plaintiff states examination of grievances submitted during the relevant time period will show a pattern of grievances submitted for excessive force, retaliation and basic civil rights violations to support his claims. (Id. at 2.) Plaintiff states the information requested is also critical to locate and interview witnesses, but defendants have refused or failed to provide most of the relevant material. (Id. at 3.)

Defendant Shasta County has not opposed the motion or filed a statement of non-opposition as required by Local Rule 230(l). After reviewing the motion, the court will not order a response to be filed because the motion is both untimely without any justification for the delay and inadequately supported.

////

---

[1] On December 16, 2021, and again on December 17, 2021, a substitution of attorney was filed for defendant County of Shasta, but not for the individual defendants. (See ECF No. 38, 39.)

On August 12, 2021, the court modified the discovery and scheduling order in this case to order that discovery closed on November 12, 2021 and dispositive (non-discovery) motions were to be filed on or before January 11, 2022. (ECF No. 36.) At the request of the Shasta County defendants, the dispositive motion deadline was extended to January 25, 2022. (ECF Nos. 40, 41.)

Granting plaintiff's motion to compel would necessarily require modification of the scheduling order and reopening discovery. Accordingly, plaintiff must show good cause. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (district courts will modify dates set forth in a scheduling order only upon a showing of good cause); Sheridan v. Reinke, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying Johnson "good cause" requirement to a pro se prisoner's motion to reopen discovery); see also Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" (citation omitted)).

Plaintiff's diligence is a primary consideration. See Johnson, 975 F.2d at 609; Sheridan, 611 Fed. Appx. at 384. "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted); Johnson, 975 F.2d at 609. If the moving party has not acted with diligence in pursuing discovery, he has failed to show good cause to reopen discovery and "the inquiry should end." Johnson, 975 F.2d at 609.

Plaintiff does not address his two-month delay in filing the motion to compel. The court is, therefore, unable to find plaintiff has acted with diligence in pursuing the discovery. See Rossetto v. Pabst Brewing Co., 217 F.3d 539, 542 (7th Cir. 2000) (district court's denial of discovery motion was not error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for tardiness).

In addition, the motion cannot be granted because it is not adequately supported. The court does not hold prisoners proceeding pro se to the same standards that it holds attorneys.

3

"However, at a minimum, as the moving party plaintiff bears the burden of informing the court… for each disputed response, why defendant's objection is not justified." Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012) (quoting Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008)). Here, plaintiff does not identify the discovery responses to which he objects or the purported inadequacy in those responses or objections. Merely arguing that defendants have refused or failed to provide most of the relevant material is conclusory and does not allow the court to review the substance or merit of defendants' responses and objections.

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel discovery (ECF No. 43) is DENIED;
2. The hearing on defendants' motion for partial summary judgment set for March 4, 2022 is VACATED; and
3. A substitution of attorney shall be filed for defendants Webb, Barnhart, Reed, Rodgers, and Kent if the January 25, 2022 motion for partial summary judgment is to be considered on their behalf.

DATED: February 25, 2022

DLB7
gibb2817.mtc.230

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE