UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>      Plaintiff,<br><br>    v.<br><br>J. WEBB, et al.,<br><br>      Defendants. | No. 2:18-cv-02817 DAD DB P<br><br>ORDER TO SHOW CAUSE |

Plaintiff, who was formerly confined at the Shasta County Jail, proceeds pro se with civil rights claims under 42 U.S.C. § 1983 against California Forensic Medical Group ("CFMG") and Shasta County jail deputies. After expiration of the time for filing dispositive motions, plaintiff proceeds on the following claims: (1) Monell claim against CFMG; (2) First Amendment retaliation claim against Deputy Webb, Sergeant Reed, Sergeant Rodgers, and Captain Kent; (3) Fourteenth Amendment excessive force claim against Deputy Webb; and (4) Fourteenth Amendment failure to protect claim against Deputy Barnhart. (See ECF No. 55.)

In advance of setting a further schedule for this litigation, including due dates for pretrial statements, the court inquired as to each party's position on the usefulness of scheduling a settlement conference. Specifically, by order signed on September 19, 2022, and filed on September 20, 2022, the court ordered that within 14 days, "each party shall file a notice briefly

stating whether or not the party believes scheduling a settlement conference would be useful at this time[.]" (ECF No. 56.)

On September 30, 2022, the Shasta County defendants filed their timely response to the court's order. (ECF No. 57.) Plaintiff did not file a response to the court's order. Defendant CFMG also did not respond to the court's order.

"Failure of counsel or of a party to comply with… any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

In addition, the Federal Rules of Civil Procedure provide "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal "operates as an adjudication on the merits." Id.; see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte").

The court will order both plaintiff and defendant CFMG to show cause, in writing, why the court should not impose sanctions for failure to respond to a court order. Both parties are warned that failure to respond to this order to show cause may result in the imposition of sanctions, including monetary sanctions, and, in addition, as to plaintiff, dismissal of plaintiff's claims for failure to prosecute.

In accordance with the above, IT IS HEREBY ORDERED that

1. Within 14 days of the date of this order, plaintiff shall show cause, in writing, why the court should not impose sanctions, up to and including dismissal of plaintiff's claims, for failure to prosecute, based on plaintiff's failure to respond to the court's order filed on September 20, 2022.

////

////

////

2

      2.     Within 14 days of the date of this order, defendant CFMG shall show cause, in writing, why the court should not impose sanctions, including monetary sanctions, for defendant's failure to respond to the court's order filed on September 20, 2022.

Dated: November 7, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
gibb2817.osc.adr