UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. WEBB, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-02817-DAD-DB (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA<br><br>(Doc. No. 88) |

　　　　Plaintiff Robert A. Gibbs, who was formerly confined at the Shasta County Jail, proceeds *pro se* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff currently proceeds on the following three causes of action:  (1) First Amendment retaliation against Deputy Webb, Sergeant Reed, Sergeant Rodgers, and Captain Kent; (2) Fourteenth Amendment excessive force against Deputy Webb; and (3) Fourteenth Amendment failure to protect against Deputy Barnhart.  The trial of this case is set for March 4, 2024, at 9:00 a.m.  (Doc. No. 86.)

　　　　Plaintiff has filed a motion requesting issuance of a subpoena for the transport and attendance of an incarcerated witness, Phillip Brooks.  (Doc. No. 88.)  Defendants filed objections to the motion.  (Doc. No. 89.)  The court has discretion regarding whether to issue a writ of habeas corpus *ad testificandum* for an incarcerated witness to testify.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding no abuse of discretion in the district court's denial of such a writ).  For the reasons set forth below, the court will deny plaintiff's motion.

1

First, the pending motion is untimely and lacks adequate explanation for its untimeliness. The deadline for plaintiff to file his pretrial statement and any motions for attendance of incarcerated witnesses was May 25, 2023. (Doc. No. 61.) On June 15, 2023, plaintiff filed a late pretrial statement. (Doc. No. 66.) The court granted plaintiff an extension of time and deemed the pretrial statement timely filed. (Doc. No. 69.) Plaintiff did not, however, file any motions for attendance of incarcerated witnesses until the present motion was filed on February 9, 2024. Plaintiff's current motion does not provide any explanation for the belated nature of the current request.

Second, the motion is procedurally defective. By order dated January 3, 2023, plaintiff was informed of the procedures required to obtain the attendance of incarcerated witnesses, including the need to indicate whether a witness is willing to testify voluntarily without being subpoenaed. (Doc. No. 61 at 3.) As to the requested witness Phillip Brooks, plaintiff did not comply with these procedures previously or in the present motion. Plaintiff has not filed an affidavit indicating whether Phillip Brooks is willing to testify voluntarily. This omission is substantial because, in exercising discretion regarding whether to issue a writ of habeas corpus *ad testificandum*, the court considers factors including whether the inmate witnesses' presence will substantially further the resolution of the case as well as the expense of the prisoner's transportation and safekeeping. *See Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). If the court does not know whether an incarcerated witness is willing to testify voluntarily, then these factors weigh heavily against transporting the witness.

Third, plaintiff did not provide the address for Phillip Brooks. Although plaintiff states Phillip Brooks is currently an inmate at Shasta County Jail, there is no person by the name of Phillip Brooks in custody at the Shasta County Jail.[1]

Finally, the court notes that it believes plaintiff indicated during a status conference on January 16, 2024 that he wished to secure the attendance of a witness who was recently incarcerated or recently re-incarcerated. The court has located an individual by the name of

---

[1] *See* Shasta County in custody list, updated 02/21/24 15:20:02, https://apps.shastacounty.gov/In_Custody/incustody.aspx, last visited 02/21/24.

1  Phillip Brooks in custody of the California Department of Corrections and Rehabilitation
2  ("CDCR") at Pelican Bay State Prison.  However, this individual has been in custody of the
3  California Department of Corrections and Rehabilitation ("CDCR") since November 30, 2023.[2]
4  Assuming this is the individual plaintiff seeks to subpoena and have transported, and even
5  assuming, additionally, that the witness was not incarcerated when plaintiff filed his pretrial
6  statement, plaintiff's delay in filing the present motion weighs against issuance of the requested
7  subpoena.
8       As set forth, plaintiff has been on notice of the procedures required to obtain the
9  attendance of incarcerated witnesses since January 3, 2023.  (Doc. No. 61.)  In addition, by order
10 dated June 30, 2023, plaintiff was informed that to the extent he wished to secure the testimony of
11 any incarcerated witnesses, no such orders would issue because plaintiff had not complied with
12 the procedures set forth.  (Doc. No. 70 at 4.)  Under the circumstances, the court will deny
13 plaintiff's untimely and procedurally deficient request for issuance of a subpoena for the transport
14 and attendance of Phillip Brooks for the trial of this case.
15      In accordance with the above, plaintiff's motion requesting issuance of a subpoena for the
16 transport and attendance of an incarcerated witness (Doc. No. 88), is denied.
17      IT IS SO ORDERED.

Dated: **February 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] *See* CDCR inmate locator, https://apps.cdcr.ca.gov/ciris/results?lastName=Brooks&firstName=Phillip, last visited 02/21/24.

3